UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. WILLIAMS,         :
                                 :
              Petitioner         :
                                 :     CIVIL NO. 1:CV-08-1735
        vs.                      :
                                 :     (Judge Caldwell)
IMMIGRATION JUDGE ARTHUR,        :
                                 :
              Respondent.        :


*M E M O R A N D U M*

*I.    Introduction*

        Christopher A. Williams, an inmate at the Allenwood
Lower Security Corrections Institution (LSCI-Allenwood), White
Deer, Pennsylvania, has filed a Petition for Writ of Mandamus
pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 551, the
Administrative Procedure Act, requesting that this Court direct an
Immigration Judge (IJ) to address his six pending motions and to
issue a written order, supported by findings of fact and
conclusions of law, to substantiate the IJ's verbal order of May
21, 2008.  (Doc. 1, Petition).

        For the reasons stated below, the mandamus petition will
be denied for failing to make a showing of a clear and
indisputable right that cannot be addressed via any other adequate
means.  *See In re Nwanze*, 242 F.3d 521, 524 (3d Cir. 2001)("Given

its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.")

*II.  Background*

To set the stage in this matter, we note that Williams is not in the custody of the United States Bureau of Immigration and Customs Enforcement (ICE).  Instead Williams is presently serving a federal sentence at LSCI-Allenwood with an expected release date of March 1, 2014.  (*See* www.bop.gov, Inmate Locator).  As of the date of the filing of his mandamus petition, Williams was not subject to a final order of removal.  (Doc. 1, Petition for Mandamus).

Williams was convicted in September 1990 of unspecified New York State criminal charges based on a 1985 arrest.  (*Id*.)  In 1993, Williams was convicted in the United States District Court for the Eastern District of New York on a variety of federal drug charges and sentenced to a total of twenty-five years of incarceration.  (*Id*.)  On February 9, 1999, the Immigration and Naturalization Services (INS),[1] filed a Notice to Appear (NTA) with the Immigration Court as a result of Williams's New York State

---

[1]  As of March 1, 2003, INS was abolished and replaced by a division within the Department of Homeland Security (DHS), the Bureau of Immigration and Customs Enforcement (ICE).  *See* the Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002); *see also* 6 U.S.C. § 271(a).

conviction. (*Id.*) On or about May 21, 1999, Williams completed his New York State sentence and was transferred pursuant to an INS detainer to the Batavia Immigration and Nationality Detention Center. (*Id.*) However, in August 1999, Williams was transferred to the custody of the Federal Bureau of Prisons (BOP) to commence service of his federal sentence. (*Id.*)

On September 12, 2007, while in federal custody, ICE filed a new NTA, charging Williams with committing an aggravated felony after his admission to the United States based upon his 1993 federal drug and conspiracy convictions. On January 8, 2008, ICE agents served Williams with the new NTA. (*Id.*)

On February 8, 2008, Williams filed the first of seven motions "compelling the Chief Counsel to respond to all motions in 10 days as of the date of filing." (*Id.* at p. 1). In May Williams filed a motion to "stop the proceedings." (*Id.* at p. 3). On May 21, 2008, Williams appeared before an IJ who "orally denied" his motion to halt the proceedings based on due process violations. (*Id.* at p. 4). Undeterred, Williams then filed a motion to dismiss the 2008 NTA for lack of venue and requested a change of venue. The Board of Immigration Appeals (BIA) rejected Williams's notice of interlocutory appeal on June 15, 2008, due to alleged procedural defects and advised Williams to resubmit his appeal within fifteen days. Williams refiled his notice of

interlocutory appeal on June 28, 2008.  (*Id.*)  "On July 23, 2008,

the Immigration Court Judge abandoned the 1990 New York State

charges . . . when the court only 'sustained' Respondent /

defendants eastern District of New York charges . . . that was

alleged in the new Notice to Appear (NTA) of September 12, 2008."

(*Id*. at p. 4).  Williams contends the Immigration Court failed to

perform its nondiscretionary function of issuing a written opinion

when denying one of his motions and by failing to resolve his

remaining motions in a timely fashion.[2]  (*Id.*)


*III. Discussion*

       The Mandamus Act provides: "district courts shall have

original jurisdiction in the nature of mandamus to compel an

officer or employee of the United States or any agency thereof to

perform a duty owed to the Plaintiff."  28 U.S.C. § 1361.  The

Third Circuit has recognized that a writ of mandamus is an

extraordinary remedy and requires the following elements: ((1)

---

       [2]  As Williams provided the Court with his alien registrations
number, A31373156, the Court learned via ICE's automated Court
Information System that Williams is scheduled for a Master Calendar
Hearing before an IJ on July 22, 2009, at FCI-Allenwood.  A Master
Calendar hearing is where the IJ will determine if Williams received the
NTA, understands the charges against him,  and whether the government has
met its burden of proof to warrant the individual's removal.  Based upon
the information in the Petition, the upcoming Master Hearing, and
Williams's BOP custody status, it is clear that Williams is not subject
to a final order of removal.

there is "no other adequate means" to attain the relief sought and (2) a right to the writ that is "clear and indisputable"; and (3) even if the first two conditions are met, the reviewing court in its discretion must conclude that the writ "is appropriate under the circumstances." *In re Wilson*, 451 F.3d 161, 168 (3d Cir. 2006) (*quoting Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 2586-2587, 159 L.Ed.2d 459 (2004)).

The Administrative Procedure Act (APA) "authorizes suits by any person suffering legal wrong because of agency action." 5 U.S.C. § 702. Williams bases his mandamus action, in part, on Sections 555(b) and 706(1) of the APA. These sections require Petitioner to demonstrate that the IJ unreasonably delayed the processing of his various motions. *See* 5 U.S.C. § 555(b) (establishing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *see also* 5 U.S.C. § 706(1) (providing that courts shall "compel agency action unlawfully withheld or unreasonably delayed").

The question here, then, is whether the IJ has a non-discretionary duty to (1) issue a written opinion on each motion adjudicated; and (2) whether the IJ violated a statutorily

-5-

imposed time frame for the resolution of pending motions.

Williams contends that the "Immigration Court has not properly

adjudicated the motions in accordance with the Administrative

Procedure Act" because no written opinion accompanied the IJ's

oral decision denying his motion to halt the proceedings as a

violation of his due process rights.  (Doc. 1 at p. 1).

"A decision of the Immigration Judge may be rendered

orally or in writing.  If the decision is oral, it shall be stated

by the Immigration Judge in the presence of the parties and a

memorandum summarizing the oral decision shall be served on the

parties."  8 C.F.R. § 1003.37(a).  Clearly, the IJ has the

discretion to orally deny a motion before him as long as it is

verbally conveyed to the parties and a summary memo is issued.

Nonetheless, aliens seeking to appeal the decision of an IJ must

do so with the BIA within thirty days "after the stating of an

Immigration Judge's oral decision or the mailing of an Immigration

Judge's written decision."  8 C.F.R. § 1003.38.  Thus, Williams

was not without a remedy to raise this issue and contest the IJ's

May 21, 2008, verbal denial of his motion without the issuance of

a written memorandum.  Indeed, he did appeal that order.

Further, as Williams's immigrations proceedings are

still pending, in the event that an order of removal is issued, he

will have the opportunity to raise his due process challenge in

his appeal to the BIA, and the appropriate circuit court of appeals. *See Weldon v. U.S. Attorney for Middle Dist.*, 294 Fed. Appx. 697 (3d Cir. 2008)(per curiam)(nonprecedential)(since mandamus petition involves matters that can be raised in a civil action, mandamus relief was not warranted). Thus, Williams is not without a remedy other than mandamus.

We turn now to Williams's complaint that the IJ failed to act within a reasonable period of time to address his six pending motions.[3] As Williams is not yet in ICE custody, he has suffered no harm as a result of the immigration court's failure to adjudicate six of the seven motions he filed with that court between February and June 2008. This Petition was filed August 25, 2008, which means there was a six-month delay in resolving the motions by the time the petition was filed. Such a delay in th adjudication of a motion of an illegal alien who is not yet in ICE custody cannot be considered unreasonable.

Further, we note that Williams will have a Master Calendar hearing next month where these issues may be raised, addressed, and resolved. Again, if found removable, Williams has a defined appeal route to follow where he can raise these issues again if unsatisfied with the IJ's actions, or in this case, alleged inaction. The issuance of a writ of mandamus under the

---

[3] Williams has not described those other motions.

conditions set forth above would thus be inappropriate as Williams

has failed to suggest a source of a clear, indisputable and

nondiscretionary right to the adjudication of his various motions

within a six-month period, or to the issuance of a written order

for each motion.  This finding, underscored by Williams's

continued incarceration by the BOP and not ICE, and the absence of

any harm dictate the denial of a writ of mandamus in this matter.

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 24, 2009

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


CHRISTOPHER A. WILLIAMS,          :
                                  :
                Petitioner        :
                                  :    CIVIL NO. 1:CV-08-1735
           vs.                    :
                                  :    (Judge Caldwell)
IMMIGRATION JUDGE ARTHUR,         :
                                  :
                Respondent.       :


*O R D E R*


        AND NOW, this 24th day of June, 2009, for the reasons

set forth in the accompanying Memorandum, it is ordered that:

        1.    The petition for a writ of mandamus
              is DENIED.

        2.    The Clerk of Court is directed to
              closed the case.


                               /s/William W. Caldwell
                               William W. Caldwell
                               United States District Judge